UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No: 5:09-cv-256-Oc-10GRJ

JAMES A. GLENN, on his own behalf
and others similarly situated,

        Plaintiff,

vs.

GREEN CREATIONS, INC., a Florida
Corporation,

        Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, GREEN CREATIONS, INC. ("Green Creations"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, submits this Motion, and incorporated Memorandum of Law, to Dismiss the Complaint filed by the Plaintiff, JAMES A. GLENN ("Plaintiff" or "Glenn"). As grounds for its motion, Green Creations states as follows:

1. In the Complaint, Glenn purports to assert a claim for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. sec 216 (the "FLSA").

2. Glenn alleges that this Court has jurisdiction pursuant to 29 U.S.C. sec 201 and the FLSA. Moreover, Glenn maintains that Green Creations is subject to the FLSA as an "enterprise" as defined by 29 U.S.C. sec 203(r) and 203(s).

3. Contrary to Glenn's assertions, Green Creations does not meet the requirements under 29 U.S.C. sec 203(r) and 203(s) in that Green Creations' gross

profits do not exceed $500,000.00. Green Creations reported gross profits of $108,366.00 during 2007, and $343,968.00 during 2006. Affidavit of Barbara M. Ditty, President / Director, Green Creations, Inc. dated July 6, 2009.

4. Green Creations is a local lawn service company with business activities limited to central Florida and Marion County, Florida. Green Creations does not engage in any commercial business activities outside the State of Florida.

5. Under applicable law, either party may introduce affidavits and other materials either in support of or in opposition to a motion for failure to state a claim. *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277 (3d Cir.), *cert. denied*, 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991). The court then, in its discretion, may choose to consider such evidence thereby converting the motion into a request for summary judgment

6. In support of this motion, Green Creations has contemporaneously filed its Memorandum of Law in Support of the Motion to Dismiss Plaintiff's Complaint.

WHEREFORE, Defendant, Green Creations, Inc., requests that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## **MEMORANDUM OF LAW**

### A. Introduction

Green Creations, Inc. ("Green Creations") is a Florida corporation that has been incorporated since April 25, 2001. Green Creations is engaged in lawn maintenance, landscaping, and tree services in and around Marion County, Florida for both residential and commercial properties.

James A. Glenn ("Glenn") was hired by Green Creations as a lawn crewman. As such, he operated lawn care equipment and performed general landscaping services as part of a lawn service crew. Glenn's employment was terminated on or about August 9, 2008, due to his violation of company policies prohibiting consumption of alcohol while working.

Since its incorporation during April 2001, Green Creations has never earned received gross profits for any calendar year exceeding $500,000.00. During calendar year 2007, Green Creations reported gross profits in the amount of $108,366.00. Gross profits during 2006 were $343,968.00.

### B. Fair Labor Standards Act Coverage

Under the Fair Labor Standards Act ("FLSA") an employee may is eligible for coverage under the statute under one of two circumstances:

(1) where an employee is engaged in commerce or the production of goods for commerce ("individual coverage"); or
(2) where an employee works for an "enterprise" engaged in commerce or in the production of goods for commerce ("enterprise coverage").

*Junkin v. Emerald Lawn Maintenance and Landscaping, Inc.*, 2005 WL 2862079 (M.D. Fla., Nov. 1, 2005) (citing *Ares v. Manuel Diaz Farms, Inc.*, 318 F.3d 1054, 1056 (11th Cir. 2003)).

### C. Green Creations is Not an Enterprise Under the FLSA

The FLSA clearly provides that for "enterprise coverage" to apply, the enterprise:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done **is not less than $500,000**
> ....

29 U.S.C. § 203(s)(1) (emphasis added).

Green Creations has clearly established that its gross business volume at all times material to Plaintiff's complaint has not and does not exceed $500,000.00. As such, Green Creations is not subject to enterprise coverage under the FLSA. *Junkin*, 2005 WL 2862079, 3 (M.D. Fla., Nov. 1, 2005) (citing *Falk v. Brennan*, 414 U.S. 190, 201, 94 S.Ct. 427, 38 L.Ed. 406 (1973)).

### D. Glenn was Not Engaged in Commerce or Interstate Commerce

Glenn's only remaining claim for coverage under the FLSA is pursuant to "individual coverage." In order to enjoy "individual coverage", Glenn must have been "engaged in commerce or in the production of goods for commerce." *Junkin*, 2005 WL 2862079 at 3.

Federal courts have established that the

> burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of

4

> goods, and that such production was for interstate commerce.

*Id.* (citing *D.A. Schulte, Inc. v. Gange*, 328 U.S. 108, 121, 66 S.Ct. 925, 90 L.Ed. 1114 (1946); *Warren-Bradshaw Drilling, Co. v. Hall*, 317 U.S. 88, 90, 63 S.Ct. 125, 87 L.Ed. 83 (1942)). In determining whether an employee's work activities meet this requirement, the test is

> not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it.

*Id.* (citing *McLeod v. Threlkeld*, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943).

In *Junkin*, this Court held that a landscaping foreman whose job descriptions included the application of "herbicides, insecticides, and fertilizers" did not satisfy the interstate commerce requirement. *Id.* at 4. This Court determined that the mere transportation of goods that "previously found themselves in the flow of interstate commerce" was not sufficient to satisfy the "interstate commerce" requirement for individual coverage. *Id.* at 4. The Court noted that such a conclusion would effectively render meaningless by removing any realistic limitations on the scope of the FLSA. This Court similarly disregarded the plaintiff's claims that his incidental use of a cellular telephone somehow satisfied the interstate commerce requirement. *Id.* at n. 5.

No aspect of Glenn's employment involved an activity which could be constructed as meeting the requirement for individual coverage under the FLSA.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following: Kerry W. Floyd, Blanchard, Merriam, Adel & Kirkland, P.A., P.O. Box 1869, Ocala, Florida 34478, this 6th day of July, 2009.

GILLIGAN, KING, GOODING &
GIFFORD, P.A.

By _____
Eric P. Gifford
Florida Bar No. 0537586
1531 S.E. 36th Avenue
Ocala, Florida 34471
(352) 867-7707- Phone
(352) 867-0237 – Fax
Attorneys for Defendant

E:\04. EPG\files\Ditty\Glenn James\Motions & Orders\Motion to Dismiss 07.02.09.doc