UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES A. GLENN, on behalf of himself and
others similarly situated,

               Plaintiff,

-vs-                                            Case No. 5:09-cv-256-Oc-10GRJ

GREEN CREATIONS, INC., a Florida
corporation,

               Defendant.
_____

## **O R D E R**

Plaintiff James A. Glenn has filed a two-count Complaint against his former employer seeking unpaid minimum wages and overtime compensation, liquidated damages, and attorney's fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* ("FLSA"), and Fla. Stat. §§ 448.08 and 448.110 (Doc., 11).  Defendant Green Creations, Inc., ("Green Creations") has filed a motion for summary judgment, claiming that it is not an entity subject to enterprise coverage under the FLSA (Doc. 16).  The Plaintiff has filed a timely response in opposition (Doc. 20).  The Court concludes that the Defendant's motion is due to be granted.

### **Undisputed Material Facts**

Green Creations is a small Florida corporation with its principal place of business in Ocala, Marion County, Florida.  It is engaged in the business of commercial and residential lawn and landscape maintenance in and around Marion County, Florida, and has

approximately 4-5 employees. Green Creations purchases all of its equipment, materials, and supplies (such as gasoline, oil, tires, and parts) from local businesses in Ocala and Gainesville, Florida, and does not have any customers outside of Florida.

Glenn was employed by Green Creations as a mechanic and lawn care employee from May 29, 2008 until August 8, 2008. In this job, Glenn maintained and repaired vehicles and equipment, and worked with a lawn crew to mow, edge, and perform general clean up of customers' yards. Glenn's salary was $400.00 per week.

Throughout his employment with Green Creations, Glenn alleges that he consistently worked in excess of forty (40) hours per week, and that Green Creations both failed to pay him his full minimum wage, as well as his overtime wages (Doc. 11). Glenn has asserted two claims against Green Creations in his Amended Complaint: (1) a claim for violation of the FLSA's overtime and minimum wage provisions (Count I); and (2) a claim for unpaid wages under Fla. Stat. §§ 448.08 and 448.110 (Count II).

## **Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(c)(2), the entry of summary judgment is appropriate only when the Court is satisfied that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In applying this standard, the Court must examine the materials on file and record evidence "in the light most favorable to the nonmoving party." Samples on Behalf of Samples v. Atlanta, 846

F.2d 1328, 1330 (11th Cir. 1988).  As the Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact.  If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove."  Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987).  The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.  Celetex, 477 U.S. at 324.  See also Fed. R. Civ. P. 56(e)(2).  The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts.  Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

## Discussion

Section 206(a) of the FLSA provides that "every employer shall pay to each of his employees who work in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" a minimum wage of $7.25 per hour.  29 U.S.C. §206(a)(1)(C).  Similarly, § 207(a) provides, in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek

3

longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

Stated differently, the FLSA's minimum wage and overtime provisions apply in two circumstances: (1) where an employee is engaged in commerce or in the production of goods for commerce, *i.e.,* individual coverage; or (2) where an employee works for an enterprise engaged in commerce or in the production of goods for commerce, *i.e.*, enterprise coverage. Ares v. Manuel Diaz Farms, Inc., 318 F.3d 1054, 1056 (11th Cir. 2003). Green Creations argues in its motion for summary judgment that the undisputed facts establish as a matter of law that neither type of coverage exists in this case. Glenn concedes that he is not entitled to individual coverage, but maintains that Green Creations is subject to enterprise coverage. Therefore, the Court will focus solely on the issue of enterprise coverage.

Section 203(s) of the FLSA defines "an enterprise engaged in commerce or in the production of goods for commerce" as an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, settling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000. . . .

29 U.S.C. § 203(s)(1)(A).

4

The phrase "engaged in commerce" reflects Congress's intent to regulate "only activities constituting interstate commerce, not activities merely affecting commerce." Thorne v. All Restoration Services, Inc., 448 F.3d 1264, 1266 (11th Cir. 2006) (citing McLeod v. Threlkeld, 319 U.S. 491, 497 (1943)). See also 29 U.S.C. § 203(b) (defining "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."). Moreover, the FLSA's definition of "goods" "does not include goods after their delivery into the actual possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." § 203(i). Applying these standards, Green Creations argues that Glenn cannot satisfy the first prong of § 203(s) because the undisputed facts demonstrate that the Company does not engage in interstate commerce or in the production of goods for commerce.[1]

In support of its motion for summary judgment, Green Creations has submitted the affidavit of Barbara M. Ditty, President of the Company, which states that all of Green Creations customers are located in Florida, all of the Company's lawn services and maintenance services were done in Florida, and that all of its materials, supplies, and equipment were purchased in either Ocala or Gainesville, Florida (Doc. 17-3). Ms. Ditty further avers that on the occasions Green Creations assists its customers with landscaping

---

[1] The Defendant also filed a motion to dismiss (Doc. 5), based on this same enterprise liability argument, but focusing solely on the $500,000 in gross annual sales requirement. Because the Parties now agree that Green Creations' gross annual sales or business exceed $500,000 in 2008 that motion is now moot.

needs, either the customers acquire the plants themselves, or Green Creations acquires them through local nurseries. Id. at ¶ 6.

In response, Glenn has submitted his own affidavit, which he contends creates a genuine issue of fact (Doc. 20-1). However, Glenn does not contradict any of the statements in Ms. Ditty's affidavit. Instead, he states that while he worked for Green Creations, he "used equipment and parts by Stihl, RedMax, and Echo, which were purchased at local businesses but manufactured outside the State of Florida." Id. at ¶ 8. Aside from the fact that Glenn has presented no evidence to support this bald statement (or even attempted to explain how he would have personal knowledge as to where such equipment and parts were manufactured) his prior deposition testimony makes clear that he has no idea where any of the materials, equipment, or supplies originated from, or whether Green Creations ever ordered anything outside of Florida, or that was made outside of Florida. See, e.g., Doc. 17-2, p. 31.[2] Thus, the only evidence before the Court conclusively establishes that Green Creations did not engage in interstate commerce. See Sandoval v. Florida Paradise Lawn Maintenance, Inc., 303 Fed. Appx. 802, 805-06, 2008 WL No. 08-12903 at ** 2-3 (11th Cir. Dec. 18, 2008); Polycarpe v. E & S Landscaping

---

[2]Glenn cannot create a material issue of fact simply by making unsupported statements, or by contradicting his prior deposition testimony. See Citizens Concerned About Our Children v. School Bd. of Broward County, Fla., 193 F.3d 1285, 1295 n. 11 (11th Cir. 1999) ("Even on summary judgment, a court is not obligated to take as true testimony that is not based upon personal knowledge."); Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.").

Serv., Inc., 572 F. Supp. 2d 1318, 1321 (S.D. Fla. 2008); Bien-Aime v. Nanak's Landscaping, Inc., 572 F. Supp. 2d 1312 (S.D. Fla. 2008). See also Thorne, 448 F.3d at 1267 ("When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intra state movement of the goods are not covered under the 'FLSA'"); Junkin v. Emerald Lawn Maintenance and Landscaping, Inc., No. 6:04CV1537ORL-31KRS, 2005 WL 2862079 at * 4 (M.D. Fla. Nov. 1, 2005) (simply transporting herbicides, insecticides, and fertilizers that were purchased within Florida but were originally manufactured outside of Florida and subsequently shipped into the state does not mean that an employee engaged in interstate commerce for purposes of individual coverage under the FLSA).[3]

Because the evidence is undisputed that Green Creations did not engage in interstate commerce, the Company does not fall within the FLSA's definition of "an enterprise engaged in commerce or in the production of goods for commerce," and as a matter of law is not subject to the FLSA's minimum wage or overtime compensation provisions. As such, Green Creations is entitled to summary judgment on Count I of Glenn's Amended Complaint - the FLSA claim. Green Creations is also entitled to the dismissal of Glenn's claim under Fla. Stat. §§ 448.08 and 448.110 (Count II) because the Court is without subject matter jurisdiction over this state law claim, and the Court will

---

[3] Glenn's reliance on Diaz v. Jaguar Restaurant Group, LLC, 649 F. Supp. 2d 1343 (S.D. Fla. 2009) is unavailing. In Diaz, the defendant-employer stipulated that materials used by its employees during the course of the defendant's operations had traveled in the past in interstate commerce. 649 F. Supp. 2d at 1353. No such evidence exists in this case.

7

decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3); Palmer v. Hosp. Auth., 22 F.3d 1559, 1568 (11th Cir. 1994).[4]

## **Conclusion**

Accordingly, upon due consideration, Defendant Green Creations, Inc.'s Dispositive Motion for Summary Judgment (Doc. 16) is GRANTED. The Clerk is directed to enter judgment in favor of the Defendant and against Plaintiff James A. Glenn as to Count I of the Amended Complaint (Doc. 11), and to enter judgment dismissing without prejudice Count II of the Amended Complaint. The Clerk is further directed to terminate all pending motions and to close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 12th day of February, 2010.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:  Counsel of Record

---

[4] Glenn had an opportunity to address the question of supplemental jurisdiction when it responded to Green Creations' motion for summary judgment. Glenn chose not to, instead merely stating that Green Creations' challenge to Count II becomes moot if the Court denies summary judgment on Count I. See Doc. 20, p. 11. On the basis of the existing record, the Court sees no reason to retain jurisdiction over Count II. The Court also decline's Green Creations' suggestion to remand Count II - as this case originated in this Court. See Fed. R. Civ. P. 12(h)(3).